UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     CASE NO: 2:08-cv-309-FtM-99SPC

BARRY E. HARRIS,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant's Motion for Reconsideration (Dkt. 26) of the final summary judgment entered against Defendant on March 6, 2009 (Dkt. 24), and Plaintiff's Response in Opposition. (Dkt. 30). After careful consideration of the motion, response, and the file, the Court concludes that the motion should be granted and the judgment set aside.

Plaintiff filed a motion for summary judgment on February 12, 2009. (Dkt. 20). The issue is whether the pro se Defendant received proper notice of the summary judgment. The motion is signed at the end of the body, but it does not denote upon whom, if anyone, service was made. (Dkt. 20, p. 5). The supporting Declaration of Barry Blum is attached to the motion and, likewise, does not state upon whom service was made. (Dkt. 20, p. 7). Plaintiff's Statement of Material Facts is signed and Plaintiff's

counsel certifies that it was served "on all parties of record on the attached service list." The attached service list simply shows "Barry E. Harris, Fort Myers, FL 33967." Plaintiff avers through the affidavit of Ms. Zamora that the service list does not reveal Mr. Harris' address, perhaps for privacy reasons. Part of the affidavit is missing from the electronic docket. Ms. Zamora declares that she sent a copy of the motion for summary judgment to Mr. Harris at a particular address in Fort Myers.

Defendant avers that he did not receive a copy of the motion for summary judgment. He avers he had no knowledge of the motion until he called the Clerk's office of the Court on March 6, 2009, to confirm the location and time of the scheduled pretrial conference which was set for March 9, 2009. (Dkt. 26). The order granting the summary judgment against him was entered on March 5, 2009. (Dkt. 24).

In an abundance of caution, and in the spirit of notifying pro se litigants of their rights before entering judgment against them,[1] the Court will vacate the order granting summary judgment (Dkt. 20) and the judgment against Defendant. (Dkt. 24). Plaintiff shall serve the motion for summary judgment on Defendant and file certification of same.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant's Motion for Reconsideration (Dkt. 26) is **GRANTED**.

---

[1] See Massey v. Congress Life Ins. Co., 116 F.3d 1414 (11th Cir. 1997); Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985); Milburn v. United States, 734 F.2d 762 (11th Cir. 1984).

(2) The judgment issued at docket 24 is hereby **VACATED**, and the clerk is directed to vacate the judgment.

(3) The order granting summary judgment is hereby **VACATED**, and the clerk is directed to vacate the order at docket 23.

(4) The clerk is directed to reopen the case, and to unterm the motion at docket 20.

(5) Plaintiff shall serve a copy of the motion for summary judgment found at docket 20 on the pro se Defendant and file a certification of service.[2]

**DONE AND ORDERED** at Tampa, Florida, on March 25, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel/Parties of Record

---

[2] A Milburn order will issue once the Plaintiff files certification of service of the motion for summary judgment.